CARROLL, Judge.
The appellee Theodore R. Awbrey filed an action for damages for personal injuries against the appellant Southern Bell Telephone & Telegraph Company, alleging his injuries proximately resulted from negligence of the defendant. The latter answered, denying negligence and pleading contributory negligence and assumption of risk. Trial before a jury resulted in a verdict in favor of the plaintiff. Judgment was entered thereon. The defendant appealed, assigning error in denial of its motion for a directed verdict and post trial motion for judgment.
The appellant contends (1) the defendant was not guilty of any conduct consti *541 tuting a breach of duty to the plaintiff; (2) the plaintiff was contributorily negligent; (3) the plaintiff’s injuries were not proximately caused by any act or conduct of the defendant; and (4) the charging of the court costs against the defendant was improper.
The factual background disclosed was the following. Plaintiff was an employee of Commonwealth Electric, an- independent contractor which was engaged in installing new power line poles in a certain area for the Florida Power & Light Company. Heavy insulator assemblies, to which lines would be attached, were affixed to the upper part of the poles before they were raised and set. An underground cable of the telephone company traversed the route involved. Using an electrical device to locate the position of the underlying cable at the various sites where the poles were to be set, the telephone company had placed stake markers to indicate the path of the cable. The telephone cable generally was to be found within three feet below the surface. To guard against damage to the cable, the Commonwealth crew would manually dig a hole approximately 30 inches in diameter, to a depth of three feet. If the cable was not encountered within that distance it would be assumed it was not in line with the intended hole, and Commonwealth would proceed to deepen the pole hole to approximately eight feet by use of a power driven 30 inch bit. When the hole was dug to the correct depth a power operated crane, using a sling, would raise the pole to a perpendicular position and set the pole in the hole. While the pole was being thus positioned and set, the crew members using canthooks would guide the pole and twist or rotate it as necessary to cause the insulators to be correctly directioned.
At the particular pole site involved in this case, the cable proved to be more than three feet below the surface and in line with the hole intended to be dug there. When the hole, dug manually to a distance of approximately three feet, failed to reveal the presence of the cable, Commonwealth proceeded to deepen the hole, and its 30 inch power bit intersected and severed or damaged the undisclosed cable. Commonwealth notified the telephone company, which promptly sent a crew to repair the cable. They enlarged the hole to approximately four feet wide by ten feet long to the depth of the cable, to furnish sufficient space in which the repair crew could work and make the necessary repairs thereto. The telephone company crew worked into the night completing the repairs to the cable. Next morning the telephone crew returned and partially back-filled the hole, leaving an unfilled area of approximately four feet wide by five or six feet long.
Later the Commonwealth crew arrived and proceeded to' set the new pole, without the hole being further reduced in area. While the plaintiff was using a canthook to guide and direction the pole as it was being manipulated to position by the crane, the insulator assembly became dislodged from the top of the pole and fell. The foreman yelled a warning to the men at the base of the pole. The ground workers other than the plaintiff scampered to safety. The plaintiff, who was working with his feet planted at the edge of the hole opening, did not get clear, and was struck by the falling object. He stated that he started to run, and “As I started, my foot hit the edge of that hole. It broke off and I tripped, as I was trying to move and get away this insulator comes down and hit me across the back.” *
The appellant argues the telephone company owed no duty to the appellee. It was disclosed in the evidence that it was a rule and standard employed by the telephone company, departed from in this instance, to refill an area which it had so dug or enlarged, for the protection of the public and of the men who were to work there. In this instance the failure of the telephone company’s repair crew to comply with that rule and refill the enlargement of the hole was not due to any necessity. The omission was intentional, for the purposes and *542 convenience of the telephone company, to facilitate the making of further repairs to the cable if a need therefor should arise from the setting of the pole.
The jury was entitled to find that the telephone company was negligent in that its failure to refill the hole created an unsafe place for the work of setting the pole which was to follow. The fact that Commonwealth (in addition to its negligence which may have been involved in ■ respect to the falling of the insulator) may have been negligent in proceeding with the pole setting work under such unsafe working conditions, would not absolve the telephone company of its failure to correct the unsafe condition by refilling the enlarged hole, which primarily it was obligated to do.
Contributory negligence of the plaintiff was an issue. But we reject as unsound in light of the record the appellant’s contention that the plaintiff was shown to have been contributorily negligent as a maater of law.
Regarding proximate cause, the appellant relies on the established principles that in order for its negligence, if any, to be a basis for liability to the plaintiff, it must have “resulted directly and in ordinary natural sequence [to cause the injury] without ,the intervention of any independent efficient cause,” and that appellant would not be liable for injuries that resulted to^plaintiff which were directly brought about by an independent intervening cause. In support thereof the appellant argues that the injury resulted from the dislodgement of the insulator from the pole as it was being raised and positioned, rather than from or because of a hazard represented by the presence of the unfilled enlarged hole, and that the former was an intervening cause, independent of the latter. Further, the appellant argues that its negligence, if any, and the negligence of Commonwealth were distinct and unrelated causes, with the negligence of the latter, rather than that of the appellant, being the sole proximate and efficient cause.
The appellee argues that the negligence of the two parties, the telephone company and Commonwealth, may not be treated as independent, and that the negligence of both combined to proximately cause the plaintiff’s injuries; and further that it was not necessary for the plaintiff to establish that the negligence of the telephone company was the sole proximate cause, but that its liability resulted if its negligence, together with the negligence of Commonwealth, was a contributing proximate cause of the plaintiff’s injuries. With the latter position we agree. See 73 Fla.Jur., Negligence § 34.
The principles of law relating to proximate cause as advanced by the respective parties are not unsound. The difficulty encountered is in the application thereof to the facts. That problem of determining whether negligence of the telephone company, if found, was the proximate cause or a contributing proximate cause of the plaintiff’s injuries was properly relegated to the jury in this case. As stated in Florida Power and Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911, 920, “if there is evidence of negligence, the question of whether or not the negligence of the defendant was the proximate cause of the injury complained of is generally a question of fact for the jury to determine.”
On the facts and circumstances disclosed in the record, the trial court was eminently correct in presenting for jury determination the issues of negligence, contributory negligence, and proximate cause. The jury decided those issues in favor of the plaintiff-appellee, and the trial judge refused to reject their verdict on appellant’s post trial motions; and we find no basis in law to disturb the decision. Accordingly, the judgment is affirmed.